IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Action No.  04-cr-00514-WYD
Civil Action No. 08-CV-00207-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICHARD POWELL,

      Defendant.

---

## ORDER

---

THIS MATTER comes before me on Defendant Richard Powell's request for relief pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Defendant's Motion is **DENIED**.

## I.    BACKGROUND

This case has a long and somewhat tortured history.  The United States charged Richard Powell in connection with a massive drug conspiracy prosecution embracing some thirty-one defendants and 137 counts of criminal conduct.  Mr. Powell was charged in sixteen counts, including conspiracy to possess and distribute cocaine in both its base and powder forms.  21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).  Attorney Michael J. Norton was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Mr. Powell.  Following extensive plea negotiations, only one of the thirty-one defendants proceeded to trial - Mr. Powell.  Prior to his trial, the United States filed an Information pursuant to 21 U.S.C. § 851, which identified Mr. Powell's prior convictions for felony drug offenses in California that subjected him to sentencing enhancements. [ECF No.   1017].   The

Information expressly provided that, "[t]he Government will seek sentencing enhancements pursuant to Title 21 United States Code, Sections 841(b)(1)(C) and Title 21, United States Code, Section 851." *Id.* Attorney Norton filed an §851(c) response to the Government's Information arguing that the two California convictions were invalid and could not be used "to enhance Mr. Powell's sentence pursuant to 21 U.S.C. § 841(b)(1)(C) or any other statute." *See* Def.'s Resp. to Govt.'s Info., p. 3 [ECF No. 1018].

The trial commenced on October 17, 2005 and twelve counts went to the jury, and the jury convicted Mr. Powell on ten of the counts. Following the trial, Mr. Powell retained Attorney Harvey Steinberg to represent him during sentencing, and the Court approved Mr. Norton's motion to withdraw. [ECF No. 1289, 1312 and 1318]. Prior to and during the sentencing hearing[1], Mr. Steinberg argued that Mr. Powell's prior California convictions should not count for enhancement purposes under §851, an argument Mr. Norton previously raised by motion [ECF No. 1018] and by objection to the Presentence Investigation Report (*see* December 20, 2005 letter from Michael Norton to United States Probation Office [ECF No. 2015-1]). The Government also thoroughly briefed and argued the validity of the California convictions. *See* Govt.'s Sentencing Statement filed November 8, 2005 [ECF No. 1075] and Government's Response to Defendant's Objections to Presentence Investigation Report filed February 10, 2006 [ECF No. 1412]; *see also* transcript of the April 20, 2006 sentencing hearing [ECF No. 1534]. At sentencing, Judge Edward Nottingham rejected the arguments of defense counsel and found Mr. Powell had been previously convicted of at least two drug offenses and was therefore subject to

---

[1] Mr. Steinberg did not file objections to the presentence report with the clerk's office that were docketed in this matter. Instead, he filed a motion to file objections to the presentence report out-of-time on February 13, 2006, and submitted his objections contemporaneously by facsimile to the United States Probation Department. *See* Def.'s Mot. [ECF No. 1413]; *see generally,* Transcript ("Tr.") of the April 20, 2006, sentencing hearing [ECF No. 1534]. The written objections filed by Mr. Steinberg related to guideline calculations and the failure to provide a special interrogatory to the jury. *See* Transcript ("Tr.") of April 20, 2006, p. 3,lines ("lns") 1-8.

mandatory life sentences on counts 1 and 38.  The trial court entered judgment on July 26, 2006.  [ECF No. 1520].

Mr. Powell, represented by Mr. Steinberg and also Michael P. Zwiebel, appealed the judgment alleging abuse of discretion in the trial court's evidentiary rulings, as well as insufficient evidence to support his conviction on counts 23, 96, and 97.  Mr. Powell did not appeal any issues related to the California convictions.  The United States conceded on appeal that the evidence was insufficient to support a conviction on counts 23, 96, and 97. Those counts were vacated, but the trial court was affirmed in all other respects.  *United States v. Powell*, No. 06-1201, 2007 WL 901917, *7 (10th Cir., March 27, 2007).  The trial court entered an Amended Judgment on May 1, 2007, and again sentenced Mr. Powell to mandatory life sentences on counts 1 and 38.  [ECF No. 1606]

On January 31, 2008, Mr. Powell filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment of the District Court.  [ECF No. 1630].  Mr. Powell raised two ineffective assistance of counsel arguments against his trial and appeal counsel in his §2255 motion.  The first claim involved the mandatory life sentence enhancement triggered by the Government's §851 Information.  Mr. Powell argued that the § 851 Information was constitutionally unreasonable because it misinformed him of the enhanced penalty he faced if convicted at trial - the Information referenced §841(b)(1)(C), which triggers an enhancement of not more than 30 years in prison instead of §841(b)(1)(A), which triggers a mandatory life sentence enhancement.  *See* 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(C). Mr. Powell also claimed that Attorney Norton misinformed him of the enhanced penalty that he faced and never advised him that he faced a mandatory life sentence.  In the second claim asserted in his §2255 motion, Mr. Powell suggests that his trial counsel was ineffective for failing to argue that his two prior California convictions did not constitute prior

felony drug convictions for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1). He also claims his appellate counsel was deficient for failing to raise the same argument on direct appeal. *Id.* In its March 3, 2008, response to Mr. Powell's motion, the Government conceded that an evidentiary hearing was necessary to determine whether the Government's notice of sentence enhancement was deficient and whether Mr. Powell was thereby prejudiced. *See* Govt.'s Resp., p. 6 [ECF No. 1640]. Attorney David Lindsey was thereafter appointed under the CJA to represent Mr. Powell. [ECF No. 1717].

A hearing was held before Judge Nottingham on October 3, 2008. Two witnesses were called to give testimony - Mr. Powell and Mr. Norton. Mr. Powell testified that Mr. Norton advised him he faced a life sentence, but failed to advise him it was a mandatory life sentence. *See* Tr. of Oct. 3, 2008, p. 12, lns 9-17 [ECF No. 1878]. Mr. Powell believed that he realistically faced a sentence of 30 years, and that the sentencing judge would be in a position to show him "mercy". *Id.* at p. 23, ln. 13, p. 13, lns 1-10, p. 25, lns 2-10. Mr. Powell testified that he "really didn't notice that [he] was going to actually receive a mandatory life sentence until the day [he] was actually being sentenced[.]" *Id.* at 18. Mr. Powell also testified that in the middle of trial he considered accepting a plea offer to serve 20 years in prison, but ultimately rejected the offer because:

> I figured another ten years of being incarcerated wouldn't make a big difference, so I'd go ahead and take my chances going to trial and risking maybe another ten years or possibly winning a couple of counts and getting less.

*Id.* at p. 24, lns 16-25. Mr. Powell also testified that Mr. Norton failed to inform him about the Government's § 851 Information, but later testified that he was aware of the Information. *Id.* at pp. 8, 18. Mr. Powell admitted under cross-examination that Mr. Norton informed him by letter that life imprisonment was the likely sentence he would receive. *Id.*

at p. 20, lns 21-23.  Despite this information, Mr. Powell concluded on his own that the most time he would receive for a guilty verdict was 30 years.  *Id.* at p. 15, lns 8-12, p. 19, lns 15-19, p. 23, lns 13-17.

Mr. Norton testified that he met with Mr. Powell numerous times at the Federal Detention Center and Mr. Norton informed Mr. Powell on numerous occasions about the Government's § 851 Information and that it would result in a life sentence.  *Id.* at p. 32. Mr. Norton testified that these meetings with Mr. Powell "frequently included a communication of the probability of a life sentence[.]"  *Id.* at p. 33, lns 5-12.  Mr. Norton explained that he used the term "probability" because a life sentence was conditioned on a guilty verdict and the prior drug felonies counting toward a sentencing enhancement.  *Id.* at p. 33-34.  Mr. Norton stated that he informed Mr. Powell that a "slim chance" existed for the trial court to not count the two California convictions toward the sentence enhancement. Tr. of Oct. 3, 2008, p. 33, lns 13-21.  Mr. Norton testified that he explained to Mr. Powell on "numerous occasions" that if he was convicted and the prior convictions count he would receive a life sentence and the judge would have no discretion in the matter.  *Id.* at p. 34.

Mr. Norton explained that he believed Mr. Powell was ignoring his advice to accept a plea deal and so he took the unusual step of memorializing his recommendation in a letter dated September 20, 2005.  *Id.* at p. 12, lns 12-25; Ex. A-1 at Oct. 3, 2008 hearing. The letter reflects Mr. Norton's belief that Mr. Powell would be found guilty and would be sentenced to life in prison.  The letter provides, in pertinent part:

> The evidence which the government will present against you is quite over-whelming, as I have advised you, I believe the chances of a guilty verdict and imposition of a life sentence are quite high.
>
> All this is to say that the probable outcome of this matter is that you will be found guilty by the jury and that, in my opinion, you should accept a plea agreement to seek to reduce the sentence from life imprisonment to the 17-

16-year or less time frame.

*Id.*

With respect to plea negotiations, Mr. Norton stated that he commenced such negotiations almost immediately upon entering his appearance in this case. *Id.* at p. 27. Mr. Norton stated that the plea discussions included sentences of 12-14 years (*id.* at p. 36, ln 7), 16-17 years (*id.* at p. 37), 20 years (*id.* at p. 36, ln 14) and 25 years (*id.* at p. 36, ln 15). Specifically, Mr. Norton testified that in the middle of trial, he approached AUSA Kathleen Tafoya at Mr. Powell's insistence and received a final plea offer involving a 20 year prison sentence. Tr. of Oct. 3, 2008, pp. 45-46 [ECF No. 1878]. Mr. Norton claimed that he never told Mr. Powell that he faced a 30 year sentence if convicted at trial. *Id.* at p. 38, lns 18-21.

At the conclusion of the Oct. 3, 2008 hearing, Judge Nottingham ruled from the bench on Mr. Powell's §2255 motion. Judge Nottingham determined that Mr. Powell's testimony was riddled with contradictions and found it "absolutely incredible" that Mr. Powell thought "the maximum he faced was 30 years." *Id.* at p. 61, lns 15-16, p. 64, lns 3-7. Judge Nottingham also did not "regard the use of the term "mandatory" or the absence of the word "mandatory" as important" in resolving Mr. Powell's motion. Judge Nottingham concluded that Mr. Norton fully and effectively conveyed to Mr. Powell the possibility of a life sentence and "[w]ithout using the word 'mandatory', he used language that a reasonable person would find conveyed the notion that the Court would have no choice but to impose a life sentence in the event of a conviction[.]" *Id.* at p. 67-68. Judge Nottingham therefore found no ineffective assistance of counsel and denied Mr. Powell's §2255 motion. To the extent the motion sought relief related to the California convictions, Judge Nottingham stated that, "the two California convictions have been extensively litigated, and

we're not going to redeal with that here, in addition to which, I don't think it's a good argument." *Id.* at p. 56, lns 3-5.

On October 27, 2008, Mr, Powell's counsel filed a Motion for Order and Judgment, which asked Judge Nottingham to rule on Mr. Powell's §2255 motion to the extent it raised issues related to the California convictions. [ECF No. 1846]. That motion claimed Judge Nottingham never ruled on that aspect of Mr. Powell's original motion at the October 3, 2008 hearing. Mr. Powell's counsel also filed a Notice of Appeal on the same date related to Judge Nottingham's oral rulings. [ECF No. 1847]. On November 4, 2008, the case was reassigned to Judge John L. Kane following the resignation of Judge Nottingham. [ECF No. 1855]. Mr. Powell thereafter filed a *pro se* request for reconsideration of Judge Nottingham's ruling. [ECF No. 1862]. On December 18, 2008, the Tenth Circuit Court of Appeals issued an Order remanding to the district court for the limited purpose of deciding Mr. Powell's Motion for Judgement and Order. *United States v. Powell*, No. 08-1416 (10th Cir., Dec. 18, 2008).

Judge Kane held a hearing on April 24, 2009, to determine how to proceed given the status of the proceedings and the remand from the Tenth Circuit. After hearing argument from counsel, Judge Kane vacated all prior hearings and orders on the §2255 motion and ordered the parties to file new briefs on all pending issues, including a new §2255 motion. *See* Tr. Of April 24, 2009 hearing, p. 16-18 [ECF No. 1995]. Based on Judge Kane's ruling, the Tenth Circuit dismissed the pending appeal with prejudice. *United States v. Powell*, No. 08-1416 (10th Cir., May 13, 2009) [ECF No. 1914].

During the time period for the parties to file new briefs, Judge Kane entered an Order recusing himself from the case. [ECF No. 1925]. The case was reassigned to Judge Marcia S. Krieger for all further proceedings. On August 25, 2009, Judge Krieger *sua*

*sponte* entered an Order of recusal "due to a close, personal friendship with an attorney appearing in this matter." *See* Order of Aug., 25, 2009 [ECF No. 1944]. The case was reassigned to me on the same day.

In his re-filed brief, Mr. Powell advances two arguments in support of his request for relief under §2255. Mr. Powell argues that his prior California convictions should not qualify as predicate offenses under 21 U.S.C. §841. Because his trial and appellate counsel failed to attack those convictions, Mr. Powell received ineffective assistance of counsel under *Strickland v. Washington.* [ECF No. 1934]. He also argues that he received ineffective assistance of counsel related to the sentencing enhancement under §851. He claims his trial and appellate counsel failed to explain that he faced a *mandatory* life sentence if found guilty of the offenses charged. *Id.*

An evidentiary hearing was held before me on November 24, 2009. At the hearing, Attorneys Joseph Saint-Veltri and Mary Jo "M.J." Menendez were called as witnesses to testify. Mr. Saint-Veltri represented Mr. Powell's co-defendant, Deon Rollen, while Ms. Menendez was one of the Assistant United States Attorney prosecuting Mr. Powell and Mr. Rollen. Ms. Menendez, testified that she personally implored ("begged" was the word she used) Mr. Powell to accept a plea offer, because, she told him, he would be convicted and would go to prison for life. Tr. of Nov. 24, 2009 p. 20-21. This conversation took place at the defense counsel table at the pretrial conference the week before the trial. Tr. of Oct. 3, 2008, p. 34. Mr. Saint-Veltri was also present for this conversation and informed Mr. Powell that he should take the deal because he would otherwise receive a "pine-box" sentence. Tr. of Nov. 24, 2009 p. 9-10. Mr. Saint-Veltri explained that a "pine box" sentence meant that Mr. Powell would only leave the United States Bureau of Prisons in a coffin. *Id.* at 10. Mr. Powell testified that he met with Ms. Menendez and Mr. Saint-Veltri

and they both informed him that the evidence was overwhelming and that he would be found guilty at trial. Tr. of Nov. 24, 2009 p. 34-38. He did not recall either Ms. Menendez or Mr. Saint-Veltri "saying anything about [him] facing a mandatory life sentence[.]" *Id.* at p. 35.

Additional evidence from the record pertinent here includes the transcript of Mr. Powell's detention hearing on December 23, 2004 [ECF No. 320] and Defendant's Motion to Review and/or Modify conditions of Release filed April 28, 2005 [ECF No. 575]. In her argument to Magistrate Judge Michael J. Watanabe at the December 23, 2004 detention hearing for Mr. Powell, Assistant United States Attorney Kathleen Tafoya addressed Mr. Powell's prior California convictions. In rejecting all arguments that the convictions would not count for sentencing purposes, Ms. Tafoya stated:

> So if Mr. Powell were to be convicted in this case, those two convictions that he has in California are going to count against him.... Under the statute, the way it's written, that subjects Mr. Powell to a mandatory life sentence if convicted in this case. Mandatory life.

*See* Tr. of Dec. 23, 2004, p. 102, lns 3-9 [ECF No. 320]. In his April 28, 2005 motion, Mr. Powell acknowledged the Government's argument from the detention hearing. The motion provides:

> The government contended at the Detention Hearing that these two prior drug felony convictions would result, if Mr. Powell were convicted of the offenses charged in the Superseding Indictment, in a mandatory sentence of life imprisonment for Mr. Powell pursuant to 21 U.S.C. 841(b)(1)(A).

Def.'s Mot., p. 5 [ECF No. 575].

## II.   LEGAL STANDARD

Mr. Powell, a federal prisoner, has filed a habeas petition pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of trial and appellate counsel. "To establish ineffective assistance of counsel, a criminal defendant must demonstrate: (1) that his trial counsel was

deficient such that he was deprived of 'reasonably effective assistance'; and (2) that counsel's deficient performance prejudiced his case, meaning that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Gonzalez*, 596 F.3d 1228, 1233 (10th Cir. 2010) (*quoting Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)). The court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. I can review these two components in any order and do not need to address both "if the defendant makes an insufficient showing on one." *Strickland*, 466 at 697.

The *Strickland* standard applies equally to ineffective assistance claims concerning trial and appellate counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). "[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look to the merits of the omitted issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quotation omitted). The omission of a meritless issue does not constitute deficient performance. *Id.*

## III.  LEGAL ANALYSIS

### A.  CALIFORNIA CONVICTIONS

Mr. Powell argues that he received ineffective assistance of counsel when his trial and appellate counsel failed to argue that his two prior convictions in California did not constitute prior felony drug convictions for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1). With respect to his trial counsel (first Mr. Norton and then Mr. Steinberg during sentencing), Mr. Powell's argument is without factual or legal support and is completely contradicted by the record. The issue of Mr. Powell's California convictions and their effect on this case has been argued and discussed almost since Mr. Powell's first

appearance.  The issue was discussed at length during Mr. Powell's detention hearing on December 23, 2004.  In the April 28, 2005 motion to review conditions of release, Mr. Norton disputed the Government's contention that the California convictions would result in a mandatory life sentence.  He argued that the convictions had been set aside and the cases had been dismissed.  Def.'s Mot., p. 5 [ECF No. 575].

Further, on October 11, 2005, Mr. Norton filed a response to the Government's §851 notice arguing that Mr. Powell's September 1987 and October 1987 drug convictions in California were invalid "and may not be used [ ] pursuant to ... Section 841(b)(1) or otherwise to enhance Defendant Powell's sentence[.]"  *See* Def.'s Resp., pp. 2-3 [ECF No. 1018].  Mr. Norton also objected to the California convictions in a letter he sent to the United States Probation Department on December 5, 2005.  [ECF No. 2015-1].  In that letter, Mr. Norton argued that the California convictions were not "final convictions for the purposes of the enhanced sentences provided for by 21 U.S.C. §851(a)(1)."  *See* Dec. 20, 2005, letter, p. 3 [ECF No. 2015-1].  Mr. Norton further argued that it was improper for the two California convictions to be used "to enhance his sentence to a sentence of life imprisonment."  *Id.*  Mr. Norton's objection to the California convictions was noted in the "Addendum to the Presentence Report" produced by Probation Officer Jeanette R. Woll on January 3, 2006.  [ECF No. 2015-1].

At the sentencing hearing on April 20, 2006, Mr. Steinberg advanced the arguments raised by Mr. Norton in oral argument before Judge Nottingham.  Mr. Steinberg argued that, for various reasons, the California convictions could not count for sentence enhancement purposes.  Judge Nottingham, however, disagreed and flatly rejected the arguments of Mr. Norton and Mr. Steinberg.  Mr. Steinberg then argued that the Government had failed to show that Mr. Powell was the same Richard Powell who received

the California convictions.  Tr. of April 20, 2006, pp.12-43, p. 28 [ECF No. 1534].  After allowing the Government to call Special Agent Todd Wilcox to link the fingerprints of Mr. Powell and the Mr. Powell convicted in California, Judge Nottingham sentenced Mr. Powell to mandatory life in prison.

Accordingly, with respect to trial counsel, both attorneys vigorously challenged the California convictions.  Mr. Powell's claim to the contrary, that Mr. Norton and Mr. Steinberg somehow failed to attack the California convictions, is completely incorrect.  Thus, Mr. Powell has failed to show that his trial counsel was deficient such that he was deprived of "reasonably effective assistance", and that ineffective assistance claim against Mr. Norton and Mr. Steinberg fails.

With respect to appellate counsel, the analysis might be different, but the result is the same.  There is no dispute that appellate counsel did not raise any issue on appeal with respect to the California convictions.  Omitting a meritless issue from appeal, however, does not constitute ineffective assistance of counsel.  *Cargle*, 317 F.3d at 1202.  As set forth below, Mr. Powell's attack of the California convictions was meritless, and therefore, there can be no ineffective assistance of counseling for failing to appeal those issues.

Section 841(b)(1)(A) requires a mandatory sentence of life imprisonment if the person commits a drug violation "after two or more prior convictions for a felony drug offense have become final."  As of the date of his sentencing, Mr. Powell had three prior convictions for felony drug offenses.  He entered a plea of guilty in Case No. A791897, California Superior Court, Los Angeles on August 28, 1987 for the crime of sale or transportation of a controlled substance in violation of California Health and Safety Code Section 11352.  He then entered a guilty plea in Case No. A950337, also in California Superior Court, Los Angeles, on October 6, 1987 for the crime of possession of a controlled

substance in violation of California Health and Safety Code Section 11350(a). Both crimes were felonies under California law. Mr. Powell also entered a plea of guilty in case No. 94-CR-00108 in the U.S. District Court, District of Colorado for the use of a firearm during and in relation to a drug trafficking crime.

Mr. Powell concedes that the felony conviction out of this Court may be used to enhance his sentence under § 841(b)(1)(A). Thus, to trigger the enhancement under § 841(b)(1)(A) only one of the California convictions must be valid. Mr. Powell maintains that both of his California convictions cannot be used to enhance under § 841(b)(1)(A). Mr. Powell states that he received probation for both offenses and the California state court suspended execution of both sentences. He argues that under California law when the execution of a sentence is suspended, no judgments are entered for such convictions. Relying on the Eighth Circuit's decision in *United States v. Stallings*, 301 F.3d 919 (8th Cir. 2002), Mr. Powell argues that when a conviction is not a "judgment of conviction" under California law, the conviction cannot be used to enhance a sentence under § 841(b)(1)(A). *Id.* at 922. He argues that both of his California convictions were not "judgements of convictions" under California law and could not be used to enhance his sentence. He now argues that his appellate counsel's failure to raise this issue on appeal constitutes ineffective assistance of counsel.

I disagree. As stated previously, omitting a meritless issue from appeal does not constitute ineffective assistance of counsel. *Cargle*, 317 F.3d at 1202. The fundamental flaw in Mr. Powell's argument is that even assuming his interpretation of California law is correct, and further assuming that I should follow *Stallings*, only one of Mr. Powell's California convictions would be invalidated. Because Mr. Powell needs to defeat both of his California convictions to avoid triggering the § 841(b)(1) enhancement, Mr. Powell's

arguments, even assuming they are correct, do not affect the result here.

Mr. Powell fails to apprehend, or simply overlooks, the substantial difference between the final dispositions of his two California cases.  In California case No. A950337, the sentencing documents show that Mr. Powell was placed on probation and the imposition of his sentence was suspended.  *See* Addendum to Govt's Sentencing Statement [ECF No. 1075].  In contrast, in California case No. A791897, the sentencing documents show that Mr. Powell was placed on probation and his sentence pronounced, but the execution of the sentence was suspended.  *Id.*  The import of the distinction in these two dispositions was explained in *Stallings* as follows*:*

> "[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered."

301 F.3d at 922.  In *Stallings,* the defendant entered a plea of nolo contendere and was sentenced to three years of probation.  The Eighth Circuit noted that Mr. Stallings's sentencing documents showed that "imposition of sentence was suspended."  *Id.* at 921. Because the court interpreted California law to provide that no valid judgment of conviction had been entered under the circumstances, the enhanced sentence imposed on Mr. Stallings was improper.  *Id.* at 922.

Here, Mr. Powell's case No. A950337 presents circumstances similar to those confronted by the court in *Stallings* - the sentencing documents reflect that he received probation and the imposition of Mr. Powell's sentence was suspended.  Therefore, under the Eighth Circuit's interpretation of California and federal law, the conviction in No. A950337 could not be used to enhance Mr. Powell's sentence because no valid judgment had been entered against Mr. Powell.  *Stallings,* 301 F.3d at 922.

Mr. Powell's conviction in case No. A791897 presents an entirely different situation. The sentencing documents in that case do not show that the imposition of sentence was suspended. Rather, the sentencing documents show that the court imposed sentence and ordered its execution to be suspended. As reflected in the *Stallings* decision, under these circumstances a valid judgment has been entered. Thus, even under Mr. Powell's strained interpretation of the law, this conviction would still count toward his enhanced sentence.

Finally, Mr. Powell's reliance on Title 8, Section 1203.4 of the California Penal Code is also misplaced. Mr. Powell cites that statute in support of his argument that the California convictions have been set aside and dismissed and therefore cannot count toward any sentencing enhancement. Mr. Powell is wrong. The practical effect of the application of this California statute was to restore various civil rights and to terminate court jurisdiction over the cases. A "set aside" under Section 1203.4 did not expunge or nullify the convictions. The express language of Section 1203.4 provides, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or information dismissed." Thus, by its terms, the statute relied on by Mr. Powell expressly contradicts the argument he advances here. This result is supported by the U.S. Sentencing Guidelines (Section 4A1.2, application Note 10) and applicable Tenth Circuit authority (*United States v. Cox*, 83 F.3d 336, 339-40 (10th Cir. 1998) and *United States v. Hines,* 133 F.3d 1360, 1364 (10th Cir. 1998)). Mr. Powell's unsupported and unsubstantiated arguments to the contrary fails to refute these authorities. His arguments are and were mertiless. Accordingly, there can be no ineffective assistance of counsel by Mr. Powell's appellate counsel for the failure to attack the California convictions on appeal.

## B.   LIFE SENTENCE

Mr. Powell frames his second ineffective assistance of counsel argument in the following manner:

> Mr. Powell's counsel at trial and appeal rendered ineffective assistance of counsel by not properly informing the Defendant of the actual consequences of a guilty verdict, and for failing to assert that the government's Information pursuant to 21 U.S.C. § 851 misinformed Mr. Powell as to which sentence enhancement the government sought to apply.

Def.'s Brief, p. 5 [ECF No. 1934].   There are two problems with this summary.   First, appellate counsel could not have possibly rendered ineffective assistance for not properly informing Mr. Powell of the consequences of a guilty verdict.   Appellate counsel obviously had not been retained at the time and would have been in no position to make any advisements concerning the repercussions of a guilty verdict.

Second, there is no support for the claim that the Government's § 851 Information somehow "misinformed" Mr. Powell of the sentence he faced.   The suggestion in Mr. Powell's Brief that he was somehow "mislead ... into thinking that the government would seek an enhanced penalty of 30 years rather than an enhanced penalty of mandatory life" is false, incorrect and contradicted by the record.   Def.'s Brief, p. 6 [ECF No. 1934].   The testimony and evidence is unequivocal that Mr. Powell, his attorneys, the Government's attorneys and Judge Nottingham were all completely unaware of the typographical error in the Government's § 851 Information.   Tr. of Oct. 3, 2008, pp. 57-58 [ECF No. 1878].   All of these parties, with the exception of Mr. Powell, believed that the Government's Information cited the correct subsection to seek an enhanced penalty of a mandatory life sentence.   Mr. Powell has never suggested that his understanding of the possible sentence he faced, 30-years, was in any way related to the Government's correct or incorrect § 851 Information.   *Id.* at p. 15, lns 8-12, p. 19, lns 15-19, p. 23, lns 13-17.   Accordingly, there is

no ineffective assistance claim to evaluate based on these arguments.

What remains is Mr. Powell's argument that he received ineffective assistance of counsel because his attorney failed to inform him that he faced a *mandatory* life sentence in the event of a conviction. Specifically, he claims Mr. Norton failed to adequately advise him of the mandatory nature of the sentence he faced upon conviction. In other words, he concedes he was aware of the possibility of a life sentence upon conviction, what his attorney failed to communicate to him was that such a sentence would be *mandatory.* Mr. Powell claims that the failure to communicate this information to him prejudiced him and prevented him from making an informed decision when he was evaluating plea offers from the Government.

The Tenth Circuit recently recognized that the plea bargaining process is a critical stage of a criminal prosecution and that the Sixth Amendment applies to representation during the plea process. *Williams v. Jones*, 571 F.3d 1086, 1090-91 (10th Cir. 2009) (citing *Iowa v. Tovar*, 541 U.S. 77, 81 (2004) and *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). With respect to an attorney's representation during the plea bargaining process, an ineffective assistance claim may exist where counsel's performance was deficient and the defendant was thereby prejudiced. *Williams*, 571 F.3d at 1091. In this situation, prejudice is established when a defendant shows that, had he been adequately counseled, there is a reasonable probability that he would have accepted the plea offer. *Id.*

I find that Mr. Powell has failed to establish the existence of both prongs of the ineffective assistance of counsel standard. Mr. Powell argued that the deficient performance was Mr. Norton's failure to specifically advise Mr. Powell that he faced a *mandatory* life sentence if convicted at trial. In support of that claim, Mr. Powell stated that he became aware that he faced a mandatory life sentence for the first time on the day he

was sentenced to life in prison.  Mr. Powell testified that prior to that time he believed he faced at most a sentence of 30 years.

I find Mr. Powell's testimony incredible and generally not worthy of belief.  Mr. Powell claimed that he never knew he faced a mandatory life sentence, yet the record demonstrates that he was aware, very early on in this matter, that the Government would seek a mandatory life sentence.  Mr. Powell was arrested on December 16, 2004.  At his detention hearing seven days later, AUSA Tafoya argued that Mr. Powell faced a mandatory life sentence as a result of his prior felony convictions.  She even repeated the phrase for emphasis:

> So if Mr. Powell were to be convicted in this case, those two convictions that he has in California are going to count against him.... Under the statute, the way it's written, that subjects Mr. Powell to a mandatory life sentence if convicted in this case.  Mandatory life.

*See* Tr. of Dec. 23, 2004, p. 102, lns 3-9 [ECF No. 320].  Several months later in early 2005, Mr. Norton filed a motion challenging Mr. Powell's continued detention and acknowledged that the Government sought a mandatory life sentence.  The issue of a mandatory life sentence was therefore a contested issue from almost the very beginning of this case.  Mr. Powell's claim that he only became aware that he faced a *mandatory* life sentence for the first time 16 months after the detention hearing must be rejected.

There is also no support for Mr. Powell's statements that he believed he was only facing a 30-year sentence if found guilty at trial.  The undisputed testimony indicates that Mr. Norton advised Mr. Powell that he was facing life imprisonment throughout the plea negotiation process.  Mr. Norton's  communications, both orally and in writing, repeatedly referenced the life sentence he faced upon conviction of the charged crimes.  In a letter written to Mr. Powell, Mr. Norton stated,

-18-

> The evidence which the government will present against you is quite over-whelming, as I have advised you, I believe the chances of a guilty verdict and imposition of a life sentence are quite high.

The final paragraph of the letter is even more damaging to Mr. Powell's current argument.

There, Mr. Norton states,

> All this is to say that the probable outcome of this matter is that you will be found guilty by the jury and that, in my opinion, you should accept a plea agreement to seek to reduce the sentence from life imprisonment to the 17-16-year or less time frame.

This communication is unequivocal and conveys to Mr. Powell that he must accept a plea agreement to avoid a life sentence. That Mr. Powell faced a life sentence was stated in clear and unmistakable language.

Not only did Mr. Norton communicate this information to Mr. Powell, but the punishment of life in prison was also relayed to Mr. Powell by two other individuals under rather remarkable circumstances. Shortly before trial, when every defendant except for Mr. Powell had accepted or agreed to accept a plea offer from the Government, and when it appeared the Mr. Powell intended to proceed to trial, AUSA Menendez and a co-defendant's attorney, Mr. Saint-Veltri, asked to speak to Mr. Powell. Both Ms. Menendez and Mr. Saint -Veltri personally implored Mr. Powell to accept the Government's plea offer to avoid a sentence of life imprisonment. Their testimony was credible and left no doubt that they both informed Mr. Powell that he would be convicted and that he would receive a life sentence. Against this backdrop, Mr. Powell's testimony that he believed he faced 30-years in prison completely lacks credibility.

While Mr. Powell admits that he knew a he faced a potential life sentence, he argues that Mr. Norton's failure to specify the mandatory nature of the sentence violates the Constitution. Although Mr. Norton testified that he could not recall whether his

communications with Mr. Powell included the word "*mandatory*" in relation to the possible range of sentences he faced upon conviction, the record reflects that he did in fact acknowledge a possible mandatory life sentence in a pleading filed with Court. Given that a mandatory life sentence was specifically addressed in open court and in pleadings filed with the Court, it seems more than likely that a *mandatory* life sentence was addressed by Mr. Norton in his communications with Mr. Powell.[2]

In any event, I do not find the presence or the absence of the word "mandatory" in their communications to be dispositive on this issue. I find that the communications from Mr. Norton sufficiently informed Mr. Powell that he would receive a life sentence if he was convicted at trial. Having observed Mr. Powell testify before me on two occasions, I do not believe he would have benefitted from Mr. Norton specifically citing §841(b)(1)(A). Mr. Norton and others used sufficient words to explain the severity of the punishment at issue for Mr. Powell to appreciate the dire nature of his circumstances and to make an informed decision how to proceed. Unfortunately, Mr. Powell decided to forgo these warnings, rejected the Government's numerous plea offers and proceeded to trial.

Accordingly, I believe that Mr. Norton advised Mr. Powell that he faced a mandatory life sentence. I further believe that Mr. Norton sufficiently warned Mr. Powell that he would be convicted and would receive a life sentence. Mr. Powell possessed this information during the numerous opportunities he had to evaluate plea offers from the Government, including the middle of his trial. Accordingly, I find that Mr. Norton's representation during the plea process was not deficient and that Mr. Norton provided adequate counsel throughout the entire plea process. I therefore find no Sixth Amendment violation.

---

[2]In their arguments and evidence the parties did not mention or discuss the detention hearing held on December 23, 2004.

IV.    CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's Motion for Judgment and Order filed October 27, 2008 [ECF No. 1846] is **DENIED**.  It is

FURTHER ORDERED that Defendant's Motion to Set Evidentiary Hearing filed July 9, 2008 [ECF No.  1762] is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendant's *pro se* Motion to Make Additions to Defense Counsel's Response filed September 18, 2009 [ECF No. 1965] is **GRANTED** to the Extent that I have considered these additions**.**  It is

FURTHER ORDERED that Defendant's *pro se* Motion for Reconsideration filed November 14, 2008 [ECF No. 1862] is **DENIED AS MOOT**.

Dated: October 8, 2010

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE