FILED  
United States Court of Appeals  
Tenth Circuit  

February 27, 2017  

Elisabeth A. Shumaker  
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

In Re: RICHARD POWELL, a/k/a Duck,

　　　　Movant.

No. 17-1060  
(D.C. Nos. 1:13-CV-03532-WYD &  
1:04-CR-00514-WYD-2)  
(D. Colo.)

_____

**ORDER**

_____

Before **HOLMES**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

_____

　　Richard Powell, a federal prisoner proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion to challenge the sentence he received after a jury convicted him of numerous drug-trafficking counts. We deny authorization.

　　Mr. Powell has sought relief under § 2255 before. *See United States v. Powell*, 584 F. App'x 919, 919-20 (10th Cir. 2014); *United States v. Powell*, 433 F. App'x 693, 694-95 (10th Cir. 2011). He therefore must obtain this court's authorization before filing another § 2255 motion. *See* 28 U.S.C. § 2255(h). He relies on § 2255(h)(1), which requires him to present "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." He must make a prima facie showing that his claim satisfies the statutory standard. *See id.* §§ 2255(h), 2244(b)(3)(C).

Mr. Powell was sentenced to life imprisonment because he had two or more prior convictions for a felony drug offense. *See Powell*, 433 F. App'x at 694; 21 U.S.C. § 841(b)(1)(A). He asserts that one of those prior convictions (No. A791897) should not have counted because it carried a suspended sentence and did not exceed one year in prison. As his newly discovered evidence, he identifies a 2012 California state court order summarizing the proceedings in No. A791897. He asserts that the 2012 order shows that the sentence in No. A791897 was the same as another case that the district court declined to count under *United States v. Stallings*, 301 F.3d 919, 922 (8th Cir. 2002) (holding that under California law, there is no judgment where "imposition of sentence was suspended" and probation was not revoked).

The plain language of § 2255(h)(1) is directed toward a prisoner's conviction, as distinguished from his sentence. Accordingly, several circuits have concluded that § 2255(h)(1) does not extend to claims asserting sentencing error. *See In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010); *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003) (per curiam); *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997); *see also Greenawalt v. Stewart*, 105 F.3d 1287, 1288 (9th Cir. 1997) (per curiam) (indicating that § 2244(b)(2) does not allow a second or successive 28 U.S.C. § 2254 habeas application challenging a sentence instead of a conviction). We need not decide whether to join these circuits, however, because even assuming that Mr. Powell could challenge his sentence under § 2255(h)(1), the brief summary of proceedings in the 2012 order does not constitute "clear and convincing evidence" that the district court erred in its analysis of the judgment in No. A791897. Further, this court already has discussed why

No. A791897 qualifies as a felony for purposes of § 841.  *See Powell*, 433 F. App'x at 694-95.  The 2012 order does nothing to undermine this discussion.  For these reasons, Mr. Powell has failed to make a prima facie case that his claim satisfies § 2255(h)(1).

The motion for authorization is denied.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).

>                             Entered for the Court
>
>                             *Elisabeth A. Shumaker*
>
>                             ELISABETH A. SHUMAKER, Clerk