IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 04-cr-00514-CMA-02

UNTIED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

2. RICHARD POWELL,

    Defendant/Movant.

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

    This matter is before the Court on Defendant Richard Powell's Motion for Compassionate Release (Doc. # 2433). After complete review of Mr. Powell's Motion, the Government and Probation responses thereto (Docs. ## 2435, 2436), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that Mr. Powell's Motion for Compassionate Release is GRANTED.

    FACTORS CONSIDERED:

1.   Richard Powell is a 54-year-old inmate currently housed at USP Victorville in Victorville, California. (Doc. # 2411, p. 4).

2.   In 2005, Mr. Powell was tried and convicted of various drug charges, including charges related to the possession and distribution of crack cocaine. (Doc. # 1054; Doc. # 2088). Because he had at least two prior felony drug convictions,

1

<ol>
<li value="2">he was sentenced to life in prison pursuant to the sentencing scheme in place at the time. (Doc. # 1606).</li>
<li>In 2010, after Mr. Powell had been sentenced, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), which modified the sentencing scheme for defendants convicted of drug charges. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Among other things, the FSA modified the recidivist enhancement contained 21 U.S.C. § 841, which gave rise to Mr. Powell's life sentence. Thus, if Mr. Powell were prosecuted today, he would not be eligible for a life sentence. (Doc. # 2433, p. 3; Doc. # 2435, pp. 2-3).</li>
<li>However, the sentencing changes enacted by the FSA did not apply retroactively, so Mr. Powell's sentence was unaffected. *See Dorsey*, 567 U.S. at 280–81.</li>
<li>Eight years after the enactment of the Fair Sentencing Act, however, Congress enacted the First Step Act. The First Step Act gives district courts discretion to impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at the time the defendant committed the offense. *United States v. Kelley*, 962 F.3d 470, 471–72 (9th Cir. 2020). Thus, a defendant sentenced under the old crack-cocaine sentencing regime can now petition the court to resentence him under the new sentencing scheme.</li>
<li>Under the new sentencing scheme, Mr. Powell's guideline sentencing range would be 210-262 months. (Doc. # 2419, p. 12; Doc. # 2435, p. 3)).</li>
<li>Mr. Powell now seeks compassionate early release from incarceration pursuant to 18 U.S.C. § 3582. (Doc. # 2433).</li>
</ol>

8. Under 18 U.S.C. § 3582, the Court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

9. The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release. USSG § 1B1.13, cmt. n.1(B)-(C).

10. As the movant, Mr. Powell bears the burden to establish that he is eligible for a reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

11. Mr. Powell argues that the following extraordinary and compelling reasons warrant his release:

    - Mr. Powell has served approximately 17 years in prison for a non-violent drug offense involving no weapons;
    - He is no longer eligible for a life sentence;
    - He has overserved the top end of the sentence he would likely receive if sentenced today;

- He has had nine years of good conduct while incarcerated;
- One of the prosecutors who tried Mr. Powell's case believes he should be released and has written letters on Mr. Powell's behalf to the Pardon Office of the Department of Justice;
- Mr. Powell has participated in educational programming while incarcerated, including a drug education program and GED courses, in an attempt to better himself and prepare for his release;
- Mr. Powell has served as a suicide prevention counselor to other inmates in his facility; and
- Two other district courts have recently granted similar requests for compassionate release.

Therefore, Mr. Powell asks to be resentenced to time served. (Doc. # 2433).

12. The Government concedes that Mr. Powell has demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. (Doc. # 2435, pp. 2-3). However, the Government urges the Court to impose a reduced sentence of 262 months in prison. The Government argues that anything less than 262 months' imprisonment would be inappropriate because:

- Mr. Powell has not admitted his guilt as to the crimes of conviction;
- A sentence to time served "fails to adequately take into consideration that less than three years after he completed his sentence of 18 U.S.C. § 924(c), Mr. Powell [led] a major cocaine distribution conspiracy"; and
- "[A] sentence of time served will not allow Mr. Powell to take full advantage of the programs designed to assist someone who has been

      incarcerated for an extended period to reintegrate into society." (Doc. # 2435, pp. 3-4).

13. Mr. Powell counters that he has prepared for his release by finding an employment opportunity as well as at least two temporary housing options, which will facilitate his reentry into society. (Doc. # 2437).

14. The Court finds that Mr. Powell has demonstrated "extraordinary and compelling" reasons for reducing his sentence. If Mr. Powell were sentenced today, he would not be eligible for a life sentence. Instead, he would be eligible for a guideline sentence in the range of 210-262 months. He has already served approximately 17 years in prison for a nonviolent drug offense. Though Mr. Powell had prior convictions at the time he was sentenced, those convictions would no longer warrant the severe sentence Mr. Powell received. Mr. Powell has demonstrated exemplary behavior while incarcerated, and he has had nine years of good conduct while incarcerated; he has participated in educational programming while incarcerated; and he has served as a suicide prevention counselor to other inmates in his facility. Additionally, the risk to Mr. Powell of the ongoing COVID-19 pandemic and the recent surge of COVID-19 infections constitutes an additional factor favoring release in these circumstances.

15. Further, the Court finds that a reduced sentence of time served would be consistent with the sentencing factors in § 3553. Mr. Powell has served approximately 17 years in prison – a significant amount of time that is sufficient to constitute just retribution (§ 3553(a)(2)(A)) and to generally deter others from trafficking in crack cocaine (§ 3553(a)(2)(B)). Mr. Powell's sentence includes a

ten-year period of supervised release following his release from incarceration, (*See* Doc. # 1606, p. 4), which will facilitate his reentry to society and help ensure the safety of the public.

16. Moreover, the Sentencing Commission has found "no difference between the recidivism rates for offenders who were released early due to retroactive application [of guidelines amendments reducing the sentencing range for crack distribution offenses] and offenders who had served their full sentences before [those amendments] retroactively took effect." See U.S. Sentencing Comm'n, Recidivism Among Federal Offenders Receiving Retroactive Sentence Reductions: The 2011 Fair Sentencing Act Guideline Amendment at 1 (2018).

17. Further, Mr. Powell is over 50 years old. The Sentencing Commission has found that age is a strong predictor of recidivism. Offenders in their 50s at the time of release are about 300% less likely to be reconvicted than offenders in their 20s at the time of release. *See* U.S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* at 23 (2017).

18. However, the Court notes that Mr. Powell does not currently have a release plan in place. The Court finds that a release plan would decrease the likelihood of recidivism, facilitate Mr. Powell's reentry into society, and further public safety. The Probation Office estimates that it would need at least 14 days to prepare a release plan and make other arrangements necessary to facilitate Mr. Powell's safe reentry into society. (Doc. # 2436).

For the foregoing reasons, Mr. Powell's Motion Compassionate Release (Doc. # 2433) is GRANTED. It is

ORDERED that Mr. Powell's prison sentence is reduced to TIME SERVED. It is

FURTHER ORDERED that this Order is stayed for a maximum period of 14 days to allow for the verification of Mr. Powell's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Mr. Powell's safe release. It is

FURTHER ORDERED that Mr. Powell shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Mr. Powell to travel. It is

FURTHER ORDERED that there shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure Mr. Powell's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

Mr. Powell's ten-year term of supervised relief is not affected by this Order and will begin upon his release from the custody of the Bureau of Prisons.  It is

FURTHER ORDERED that Defendant's Motion Reduced Sentence Pursuant to the First Step Act (Doc. # 2419) is DENIED AS MOOT.  It is

FURTHER ORDERED that Defendant's Motion to Reduce Sentence (Doc. # 2427) is DENIED AS MOOT.

DATED:  December 30, 2021

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge

8